IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLE JEAN ROGERS,

    Plaintiff,  Case No. 2:12-cv-2653 MCE DAD PS

    v.

EVA RUBIO, et al.,  FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    Plaintiff, Nicole Rogers, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint simply contains no plain statement of the grounds upon which the court's jurisdiction depends. Jurisdiction is a threshold inquiry that must precede the

adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting the court's jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

jurisdiction . . . and may be dismissed sua sponte before service of process.").

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The mere presence of a federal issue does not automatically confer federal-question jurisdiction, and passing references to federal statutes do not create a substantial federal question. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 346. See also Lippitt, 340 F.3d at 1043.

In addition to failing to identify a basis for this court's jurisdiction over this action, plaintiff's complaint also does not contain a plain statement of her claim showing that she is entitled to relief. In this regard, plaintiff merely alleges in her complaint that the defendants

4

1 "continue to be here unlawfully," are engaged in "drug cartel" trafficking, are satanic and believe
2 that plaintiff and her son should "be crucified and mistreated." (Compl. (Doc. No. 1) at 2.)
3 Based on these allegations, plaintiff's seeks $75,000 due to defendants' "being selfish and self
4 centered . . ." (Id.)

       Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

       Moreover, to the extent plaintiff is attempting to assert claims pursuant to statutory provisions relating to criminal or immigration matters against the defendants, such claims would fail as a matter of law. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) ("[T]hese are criminal statutes that do not give rise to civil liability."); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (same); Durso v. Summer Brook Preserve Homeowners Ass'n, 641 F. Supp.2d 1256, 1268 (M.D. Fla. 2008) (same); see also United States v. Camacho-Bordes, 94 F.3d 1168, 1174 (8th Cir. 1996) (noting that "the INS district director has prosecutorial discretion in deciding whether or not to institute deportation proceedings"); United States v. Montoya, , 891 F.2d 1273, 1293 n. 24 (7th Cir. 1989) (noting that "the decision whether to institute deportation proceedings lies within the sole discretion of the Attorney

1  General of the United States"); Cabasug v. I.N.S., 847 F.2d 1321, 1324 (9th Cir. 1988)
2  ("Congress also left the Attorney General discretion whether to seek deportation by the language
3  'shall, upon the order of the Attorney General, be deported.'"); Bertram v. Sizelove, No. 1:10-cv-
4  00583-AWI-GBC (PC), 2012 WL 5207580, at *2 (E.D. Cal. Oct. 22, 2012) ("The civil rights
5  statutes do not provide for a private right of action to enforce criminal statutes.")

6  Thus, plaintiff's complaint fails to state a claim on which relief may be granted.
7  The court has carefully considered whether plaintiff may amend her complaint to state a claim
8  upon which relief can be granted.  "Valid reasons for denying leave to amend include undue
9  delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan
10 Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v.
11 Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to
12 amend shall be freely given, the court does not have to allow futile amendments).  In light of the
13 obvious fatal deficiencies noted above, the court finds here that it would be futile to grant
14 plaintiff leave to amend.

15  Accordingly, IT IS HEREBY RECOMMENDED that:

16  1. Plaintiff's October 26, 2012 application to proceed in forma pauperis (Doc.
17 No. 2) be denied;

18  2. Plaintiff's October 26, 2012 complaint (Doc. No. 1) be dismissed without
19 leave to amend; and

20  3. This action be closed.

21  These findings and recommendations will be submitted to the United States
22 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
23 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
24 written objections with the court.  A document containing objections should be titled "Objections
25 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
26 /////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\rogers2653.ifp.den.f&rs

7